NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10139 |
| Plaintiff-Appellant, | D.C. Nos. |
| | 3:20-cr-00376-CRB-1 |
| v. | 3:20-cr-00376-CRB |
| MARTIN GUADALUPE CARDIEL-RUIZ, | |
| | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted August 6, 2024*
Pasadena, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

The United States appeals the district court's order dismissing the indictment charging Defendant-Appellee Martin Guadalupe Cardiel-Ruiz with one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326. The district court dismissed the indictment on the grounds that the underlying removal order entered against Cardiel-Ruiz was invalid pursuant to § 1326(d). We review the district

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court's order de novo. *United States v. Gonzalez-Flores*, 804 F.3d 920, 926 (9th Cir. 2015). Because the district court's order relied on case law that has since been abrogated by intervening cases from our court and the Supreme Court, we vacate the district court's order and remand.

1.    Cardiel-Ruiz argues that he may satisfy the two procedural requirements reflected in § 1326(d)(1) and (2) because the immigration judge's failure to properly advise him of his eligibility for voluntary departure rendered further administrative appeal and judicial review "unavailable." This argument is foreclosed by *United States v. Palomar-Santiago*, 593 U.S. 321 (2021), and *United States v. Portillo-Gonzalez*, 80 F.4th 910 (9th Cir. 2023). As the Supreme Court recognized in *Palomar-Santiago*, "[t]he immigration judge's error on the merits does not excuse the noncitizen's failure to comply with a mandatory exhaustion requirement if further administrative review, and then judicial review if necessary, could fix that very error." 593 U.S. at 328. We applied this rule in *Portillo-Gonzalez* which, like the present case, involved substantive errors by the immigration judge concerning the petitioner's eligibility for voluntary departure. In holding that Portillo-Gonzalez failed to satisfy § 1326(d)(1) and (2), we observed that "nothing about that substantive error 'can alone render further review of [that] adverse decision unavailable.'" *Portillo-Gonzalez*, 80 F.4th at 918 (quoting *Palomar-Santiago*, 593 U.S. at 328).

2

2.      Cardiel-Ruiz further argues that direct appeal was rendered unavailable by the immigration judge's misleading statement that the immigration judge was not making "any decision about granting or denying" voluntary departure.  We have recently held that the *Ross v. Blake*, 578 U.S. 632 (2016), framework applies in § 1326 cases.  *United States v. Valdivias-Soto*, No. 20-10415, slip op. at 29 (9th Cir. Aug. 9, 2024).  So while Cardiel-Ruiz could satisfy § 1326(d)(1) and (2) by showing that the immigration judge made "misleading statements *as to the procedural steps for pursuing administrative remedies*," *Portillo-Gonzalez*, 80 F.4th at 920, we find no such statements in this record. Here, the immigration judge apprised Cardiel-Ruiz of his right to appeal and asked Cardiel-Ruiz whether he wished to appeal the "decision."  Although the "decision" may have been ambiguous, an appeal of the immigration judge's ultimate removal order would have permitted Cardiel-Ruiz to argue that the immigration judge erred by failing to consider his request for voluntary departure.

In sum, Cardiel-Ruiz cannot satisfy § 1326(d)(1) or (d)(2) based on the immigration judge's substantive mistakes during his underlying removal proceedings.[1]

**VACATED and REMANDED for further proceedings consistent with**

---

[1] The United States of America's motion to file its supplemental brief one day late, Dkt. No. 54, is granted.

**this disposition.**